IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-43,178-06




EX PARTE ERNEST EDWARD GAINES, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W05-5657-S(A) IN THE 282nd DISTRICT COURT
FROM DALLAS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction.
Gaines v. State, No. 5-06-00599-CR (Tex. App.–Dallas, delivered June 27, 2007, pet. ref’d). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to investigate the facts of this case, interview witnesses, put the State’s case to an
adversarial testing, and raise the issue of Applicant’s incompetency to stand trial. The Applicant also
alleges that he was incompetent to stand trial.
 
            The record reflects that the State entered a response requesting these issues be designated for
resolution by the trial court. However, it also appears from the record that no order designating issues
was ever entered by the trial court and this application has been forwarded to us without the factual
basis of Applicant’s claims having been resolved.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant’s trial counsel to file an affidavit responding to Applicant’s claims. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the performance of Applicant’s trial
attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The
trial court shall also make findings of fact as to whether the Applicant was competent to stand trial.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 31, 2010
Do not publish